## John F. Betz, Plff. in Err., *v.* Valentine Franz.

Where property taken in execution is claimed by a third person by reason of a previous bill of sale given to him by the execution debtor and a feigned issue is awarded to try title, if it appears that the property remained in possession of the seller without a pretense of actual delivery the court may direct a verdict against claimant.

(Argued March 30, 1888.    Decided May 7, 1888.)

January Term, 1888, No. 293, E. D., before GORDON, Ch. J., PAXSON, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas No. 3 of Philadelphia County to review a judgment for defendant in a sheriff's interpleader, December Term, 1883, No. 954.   Affirmed.

Christian Klopfer, a brewer in Philadelphia, being indebted to John F. Betz, gave him a bill of sale of certain property used in and about the brewery.   Betz, without taking actual possession of the property, executed the same day a lease to Klopfer of all the property covered by the bill of sale, and it was allowed to remain on the brewery premises and continued to be used by Klopfer in the prosecution of his business.   Subsequently Val-

NOTE.—For the necessity of change of possession of personalty sold, see note to Chase v. Garrett, 1 Sad. Rep. 16.

entine Franz obtained judgment against Klopfer on certain promissory notes, and, a fi. fa. having been issued, the sheriff levied upon the property found in the brewery covered by the bill of sale and lease. Thereupon Betz laid claim to the property and a feigned issue was ordered to try the title, in which Betz was plaintiff and Franz defendant.

At the trial the court, GORDON, J., ordered a verdict for defendant, and this having been returned and judgment entered thereon, Betz took this writ, alleging as error the action of the court in directing verdict for defendant.

*William Gorman,* for plaintiff in error.—No such change of possession as will defeat the fair and honest object of the parties is required. Crawford v. Davis, 99 Pa. 576; Hugus v. Robinson, 24 Pa. 9.

The case should have been referred to the jury. Avery v. Street, 6 Watts, 247.

The delivery need be only of such character as could be expected of the vendor; taking into view the character and situation of the property and the relation of the parties. McKibbin v. Martin, 64 Pa. 352, 3 Am. Rep. 588; Evans v. Scott, 89 Pa. 136; Pearson v. Carter, 94 Pa. 156.

*Matthew Dittman* and *Fred. L. Breitinger,* for defendant in error.—A fraud in law is usually declared to be such by the court when the evidence is of such a character as to require no fact in relation to delivery to be found by the jury. See Young v. M'Clure, 2 Watts & S. 147; Garman v. Cooper, 72 Pa. 32.

PER CURIAM:

There was nothing in this case to leave to a jury, for the facts are undisputed,—a bill of sale by Klopfer to Betz and thereupon a lease of the same goods by Betz to Klopfer without even the pretense of an actual delivery. Were we to reverse this case we must necessarily destroy, root and branch, the doctrine so long and well settled in our jurisprudence, of constructive fraud in the sale of chattels. The counsel for the plaintiff contends that the case was one for the jury, but we cannot see how this can be. As we have said, there is no doubt about the fact that there was no actual delivery of the goods to Betz or his agent, or if so, it was merely formal, and not continuing; so, on the other hand, there was no dispute about the execution of the bill of sale and

lease, and were we to send the case back it must be for a binding instruction to find for the plaintiff.

Any one can see that this would not do, and that nothing was left for the court below but to direct a verdict for the defendant.

The judgment is affirmed.